Artez Hammonds was convicted of capital murder for the killing of Marilyn Mitchell. The murder was made capital because it was committed during the course of a rape. See §13A-5-40(a)(3), Ala. Code 1975. The jury unanimously recommended that Hammonds be sentenced to death. The trial court accepted the jury's recommendation and sentenced Hammonds to death. The Court of Criminal Appeals affirmed the conviction and the death sentence. See Hammonds v. State, 777 So.2d 750 (Ala.Crim.App. 1999). We granted certiorari review. See Rule 39, Ala.R.App.P.
We have carefully read the briefs and have carefully considered the arguments of counsel. In particular, we have carefully considered the defendant's arguments concerning the taking of a sample of his blood for DNA testing. We have found no error *Page 778 
in either the guilt phase or the sentencing phase of the trial that adversely affected Hammonds's substantial rights. We also conclude that the evidence supported the trial court's findings concerning aggravating and mitigating circumstances and that the sentence of death was appropriate under the circumstances of this case. See §13A-5-53(a) and (b), Ala. Code 1975. Accordingly, the judgment of the Court of Criminal Appeals is due to be affirmed.
Before concluding, however, we feel compelled to address certain comments made by the prosecutor during the trial. First, in objecting to a question defense counsel had asked on cross-examination of a prosecution witness, the prosecutor stated: "Let him testify," referring to the defendant. Second, during closing arguments, the prosecutor stated: "He couldn't keep the stories straight in prison." The trial court had previously ordered the parties to make no reference to the fact that the defendant was already in prison for a crime unrelated to the capital murder. Hammonds objected to both comments and, both times, moved the court to declare a mistrial; the trial judge gave the jury a curative instruction in each situation and denied the motion for a mistrial.
Given these comments by the prosecutor, we were almost persuaded that the trial judge erred in denying Hammonds's motion for a mistrial. However, we note that the trial judge was present at the trial and could observe the conduct complained of. We conclude, as did the Court of Criminal Appeals, that the trial judge corrected any harm by giving appropriate corrective instructions.
This case presents a classic example, however, of prosecutorial conduct that could, in certain circumstances, cause us to overturn a conviction. Although this is a close case, we are persuaded, considering all the circumstances, that the trial judge did not err. We would caution prosecutors, however, that we do not sanction such prosecutorial conduct and that such conduct could cause an appellate court to overturn a conviction.
AFFIRMED.
Hooper, C.J., and Cook, See, Brown, and England, JJ., concur.
Houston, Lyons, and Johnstone, JJ., dissent.