COBB, Judge,
dissenting.
In an unpublished memorandum, the majority holds that the trial court did not abuse its discretion when it denied Eric Russell Tyler’s motion for a mistrial, which he made after the prosecutor made a comment Tyler contends implicated his right to remain silent. The majority contends that the comment was vague and would not necessarily have been understood by the jury to be a comment on Tyler’s failure to testify. I disagree with the majority’s conclusions, and I would reverse Tyler’s conviction.
While the arresting officer was testifying, the prosecutor asked him whether Tyler had admitted or denied the accusation. The officer stated that Tyler denied the accusation. Defense counsel objected on grounds that no statements of Tyler’s had been provided to him in discovery and he did not know what the officer was going to say at that point. The prosecutor stated that he was not offering any written statements and that Tyler had denied the accusation. The prosecutor then stated, “I guess he can let his guy testify. That’s fine.” During the bench conference that followed, defense counsel made a motion for a mistrial. The trial court denied the motion. The following then occurred before the jury:
“THE COURT: Ladies and gentlemen, disregard that last statement. Can each one of you do that, not to consider it? I got to have a nod from each one of you. Okay. They say they can let it go.”
The prosecutor in this case made a direct comment in front of the jury implicating Tyler’s right to remain silent. The trial court’s brief instruction to the jurors that they disregard the remark was insuf *381 ficient to cure the error. Therefore, the conviction must be reversed.
The law is clear that a comment on a defendant’s right to silence is to be scrupulously avoided. E.g., Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Where a direct comment has been made, reversal may be avoided if the trial court acts promptly to cure the error caused by the comment by giving thorough instructions to the jury. The Alabama Supreme Court set out its suggestions for the minimum requirements for curative instructions when an improper direct comment has been made. Ex parte Wilson, 571 So.2d 1251, 1265 (Ala.1990). The instruction should include the following: that the remarks are improper, that statements of counsel are not evidence, that the defendant has the privilege to testify or not, that he cannot be compelled to testify against himself, and that no presumption of guilt should be drawn from his failure to testify. Id. The court’s instructions in this case clearly did not satisfy those minimum requirements.
To the extent that the majority suggests that the comment was vague and that the jury might not have understood the comment to be referring to the defendant, I disagree. First, when, in its unpublished memorandum, the majority sets out the facts relevant to this issue, it sets out the prosecutor’s statement as follows: “ T guess he [defense counsel] can let his guy [Tyler] testify.’ ” The majority implicitly acknowledges that the prosecutor’s comment was a direct reference to Tyler. Second, when defense counsel made his motion for a mistrial, the officer who was on the stand had just testified that Tyler had denied the accusation. Immediately thereafter, the prosecutor stated, “He can let his guy testify.” There was no other “guy” to whom the remark could have referred. Tyler did not subsequently testify, nor did he put on any defense at all.
In a similar case, the prosecutor stated that another witness could not testify about what the defendant would say. The prosecutor added, “Let him testify.” Hammonds v. State, 777 So.2d 750 (Ala.Crim.App.1999), aff'd, 777 So.2d 777 (Ala.2000). We held that this was a direct comment on the defendant’s failure to testify.
I am convinced that the comment in this case can only be construed as a direct comment on Tyler’s right to silence. Because it was a direct comment and because the trial court’s instruction to the jury was not sufficient to cure the error, Tyler is entitled to a reversal.
Accordingly, I dissent.